J. S15018/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ANTHONY EDWARDS, | : | |
| | : | |
| | : | |
| Appellant | : | No. 3067 EDA 2016 |

Appeal from the PCRA Order September 12, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-0004323-2008

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                 **FILED MARCH 27, 2017**

Appellant, Mark Anthony Edwards, appeals *pro se* from the Order entered in the Montgomery County Court of Common Pleas dismissing his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm.

On January 15, 2009, Appellant entered an open guilty plea to Involuntary Deviate Sexual Intercourse, victim less than sixteen years of age; Aggravated Indecent Assault, victim less than thirteen years of age; and two counts of Endangering the Welfare of a Child.[1] The trial court sentenced Appellant to an aggregate term of 11½ to 27 years of

---

[1] 18 Pa.C.S. §§ 3123(a)(7), 3125(a)(7), and 4304, respectively. Appellant's offenses occurred over a one-year period and involved multiple assaults on the two minor daughters of his girlfriend, with whom he was then living. At the time, the victims were twelve and fifteen years of age.

imprisonment, which included a then-applicable mandatory minimum sentence.

This Court affirmed the Judgment of Sentence on December 8, 2010. ***Commonwealth v. Edwards***, 23 A.3d 572 (Pa. Super. 2010) (unpublished memorandum). Appellant did not seek review by the Pennsylvania Supreme Court. Therefore, his Judgment of Sentence became final on January 7, 2011, when the time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court expired. ***See*** Pa.R.A.P. 1113; 42 Pa.C.S. § 9545(b)(3).

On May 13, 2011 Appellant filed a timely *pro se* PCRA Petition. Following the appointment of counsel and an independent review of the record, the PCRA court dismissed Appellant's first PCRA Petition without a hearing on August 3, 2011. This Court affirmed the dismissal on July 11, 2012, and our Supreme Court denied allowance of appeal on December 26, 2012. ***Commonwealth v. Edwards***, 55 A.3d 131 (Pa. Super. 2012), *appeal denied*, 619 A.3d 671 (Pa. 2012). Appellant did not seek review by the U.S. Supreme Court.

Appellant filed the instant *pro se* PCRA Petition, his second, on August 4, 2016, raising an ***Alleyne*** claim.[2] Appellant did not acknowledge the facial

---

[2] ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013), held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. ***Id***., 133 S.Ct. at 2160-61.

untimeliness of his Petition, or invoke any exception to the timeliness requirement.

On August 16, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition. Appellant filed a response on September 7, 2016, repeating his illegal sentencing claim. On September 13, 2016, the PCRA court dismissed Appellant's Petition without a hearing, concluding it lacked jurisdiction to consider Appellant's underlying claim because the Petition was untimely and Appellant had failed to plead and prove any one of the timeliness exceptions provided in 42 Pa.C.S.§ 9545(b)(1).

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. Does the PA Supreme Courts [*sic*] decision in **Commonwealth v. Wolfe**[,] 106 A.3d 800 (Pa. 2016) make the appellant's sentence unconstitutional and illegal?

2. Does appellant's PCRA fall under any of the exceptions to the time bar?

Appellant's Brief at 3 (unpaginated).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise

---

Appellant also invoked **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. 2016), which held that mandatory minimum sentence imposed pursuant to 42 Pa.C.S. § 9718 for offenses against infant persons are unconstitutional.

free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Appellant filed the instant PCRA Petition more than four years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, filed 10/31/16, at 3-5.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

In the instant case, Appellant has not even attempted to plead or prove the applicability of any of the three statutory timeliness exceptions in

his Brief to this Court.[3]  He merely asserts that this Court "has repeatedly stated that the court can/should correct illegal sentences regardless of time." Appellant's Brief at 5 (unpaginated). Appellant is incorrect.

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. **See** 42 Pa.C.S. § 9545(b); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); **Commonwealth v. Riggle**, 119 A.3d 1058, 1064-67 (Pa. Super. 2015); **Commonwealth v. Miller**, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition); **Commonwealth v. Ruiz**, 131 A.3d 54, 56 (Pa. Super. 2015) (remanding for resentencing without mandatory minimum where defendant was sentenced 12 days before **Alleyne**, his judgment of sentence was not final on the date **Alleyne** was decided, and the defendant filed a timely PCRA Petition over which this Court had jurisdiction).

---

[3] Appellant also failed to plead any timeliness exception in his PCRA Petition, although he did attempt to invoke the newly-recognized constitutional right exception in his response to the PCRA court's Pa.R.Crim.P. 907 Notice.

Our Supreme Court has recently reiterated that **Alleyne** does not apply retroactively on post-conviction collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. **See** PCRA Court Opinion, filed 10/31/16, at 3-7. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2017